UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------
MICHAEL CHAVIS,

                                                                  Petitioner,

        -v.-                                                                9:07-CV-0657
                                                                                       (GLS)(DRH)

MICHAEL GIAMBRUNO, Superintendent,
Wyoming Correctional Facility,

                                                  Respondent.

----------------------------------------------------------------------
APPEARANCES:

MICHAEL CHAVIS,
Petitioner, *pro se*
89-C-0446

DAVID R. HOMER, U.S. MAGISTRATE JUDGE

## ORDER

Pursuant to 28 U.S.C. § 636(b), the Rules Governing Section 2254 cases in the U.S. District Courts, 28 U.S.C. fol. Section 2254 and Rule 72.3(c) of the Local Rules of Practice of this District, the Clerk has sent to the Court a Petition for a Writ of Habeas Corpus brought by Michael Chavis ("Petitioner") pursuant to 28 U.S.C. § 2254. Dkt. No. 1. Petitioner is presently confined at Wyoming Correctional Facility and has paid the filing fee required for this action.

Petitioner complains of a judgment of conviction rendered in Broome County Court on March 20, 1981 wherein Petitioner was found guilty of robbery. For the reasons set forth below, the Court transfers this Petition to the United States Court of Appeals for the Second Circuit.

Petitioner filed five previous Petitions challenging the March 20, 1981 conviction and sentencing. *See Chavis v. Cummings*, 84-CV-1420 (N.D.N.Y. 1985); *Chavis v. Fritz*,

87-CV-1411 (N.D.N.Y. 1987); *Chavis v. Lacy,* 94-CV-0015 (N.D.N.Y. 1995); *Chavis v. Lacy*, 94-CV-0176 (N.D.N.Y. 1995); and, *Chavis v. David*, 98-CV-0998 (1998).

Because this is a successive petition filed in this Court by Petitioner regarding his conviction and sentencing by the Broome County Court on March 20, 1981, the Court must look to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") to determine the proper course of action.  28 U.S.C. § 2244(b) requires individuals who seek to file a second or successive habeas corpus petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider such second or successive application.  28 U.S.C. § 2244(b)(3)(A).[1]

In *Liriano v. U.S.*, 95 F.3d 119 (2d Cir. 1996), the Second Circuit discussed the procedure to be followed where a second or successive application is filed by a state prisoner unaccompanied by the required § 2244(b)(3) motion.  That Court held:

> [W]hen a second or successive petition ... is filed in a district court without the authorization by this Court that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to this Court in the interest of justice pursuant to [28 U.S.C.] § 1631.

*Id*. at 123.

---

[1] 28 U.S.C. §2244(b)(3) provides, in part,  as follows:

* * *

(A)  Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

28 U.S.C. §2244(b)(3)(A).

Since Petitioner has previously filed a number of Petitions seeking habeas relief under § 2254 concerning the conviction at issue in the present Petition, and he has not obtained the authorization discussed above permitting this Court to consider this successive Petition, the Court must transfer this Petition to the Second Circuit. *Liriano,* 95 F.3d at 123; *see also Corrao v. U.S.*, 152 F.3d 188, 191 (2d Cir. 1998) (once a District Court determines that a petition is second or successive, it must transfer it to the appropriate Circuit; the District Court may not reach the merits of an uncertified second or successive petition since doing so "impermissibly circumvents the AEDPA's gatekeeping provisions"). The Second Circuit has stated that "the authorization requirement [for second or successive habeas petitions] is jurisdictional and therefore cannot be waived." *Torres v. Senkowski*, 316 F.3d 147, 149 (2d Cir. 2003).

WHEREFORE, it is hereby

ORDERED, that this action is transferred to the United States Court of Appeals for the Second Circuit for the reasons stated above, and it is further

ORDERED, that the Clerk shall serve a copy of this Order on Petitioner by regular mail.

IT IS SO ORDERED.

Dated: June 27, 2007

_David R. Homer_
United States Magistrate Judge